FILED
U.S. District Court
District of Kansas
01/16/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AKOSUA AAEBO-AKHAN,

        Plaintiff,

v.                                          Case No. 25-2500-JWB

KWESI AKHAN, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 28) to Magistrate Judge Angel Mitchell's Report and Recommendation ("R&R") (Doc. 25) recommending that the court dismiss this matter. For the reasons stated herein, the court ADOPTS the R&R, OVERRULES Plaintiff's objection and DISMISSES the complaint.

**I.    Facts and Procedural History**

Plaintiff is proceeding pro se and in forma pauperis. Plaintiff filed this action against Defendants Kwesi Akhan, the Internal Revenue Service ("IRS"), Canaan Worship Center ("Canaan"), Journey Church International ("Journey"), and the United States Department of Housing and Urban Development ("HUD"). Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Magistrate Judge Mitchell recommended that the complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim.

Plaintiff's complaint utilizes the court's form civil complaint; however, the form does not contain factual allegations but references a handwritten exhibit partially comprised of her claims and the relief and damages sought. (Doc. 1.) As noted in the R&R, the handwritten exhibit is 44 pages total with the first 13 pages appearing to be part of her complaint in this court and the

1

remaining pages appears to be a filing that Plaintiff prepared for a case in D.C. Superior Court. (Doc. 1-2.) Further, the exhibit is very difficult to read in certain places due to small print.

Plaintiff alleges that this court has jurisdiction over this matter on the basis of both diversity and federal question. Plaintiff's first four pages of her exhibit raises questions that allegedly satisfy this court's jurisdiction, such as "do . . . federal courts have a legal obligation to process paternity & child support claims filed by former/present victims of sex & human trafficking...." (Doc. 1-2 at 2.) Plaintiff alleges that she is a victim of sex trafficking and was trafficked at birth due to her Akan American genetic criteria. She was allegedly trafficked by the "white Jewish mafia" and some "Cherokee Indians." (*Id.* at 5.) She requests that the court enter a ruling acknowledging the "fact that [Plaintiff] was involuntarily impregnated via in vitro fertilization using the proffered sperm of [Defendant] Kwesi Akhan" because they have royal ancestry. (*Id.* at 5–6.) Plaintiff and her children have unsuccessfully attempted to escape sex and human trafficking. Plaintiff has filed paternity and child support actions against Defendant Akhan in Kansas, Missouri, Georgia, and the District of Columbia. (*Id.* at 6.) Her filings were rejected by those courts.

Plaintiff asserts that Defendant Akhan has defamed her as a "mentally ill stalker" and maliciously prosecuted her resulting in her wrongful conviction, commitment to a mental health institution, poverty, and homelessness. (*Id.* at 8.) In D.C. Superior Court, Plaintiff allegedly agreed to an "anti-stalking order" under duress and threats by her sex traffickers. (*Id.* at 9.) She alleges that Defendant Akhan owes her $637,000 in child support for her children and asks the court to enter an award of "$637,000 in monetary restitution for defamation [and] malicious prosecution due to previous courts alleging [Plaintiff] was not legally entitled to child support for her children" and an additional $400,000 in punitive damages. (*Id.*) As to Defendants Canaan and Journey, Plaintiff requests a "full refund of all forced donations" that were derived from her

2

"forced labor." (*Id.* at 10.) She also seeks restitution for intellectual property that she created and was used by Canaan and Journey and other non-parties such as AT&T and Uber. (*Id.* at 11.) Plaintiff's complaint does not identify this intellectual property, when it was created, or when it was appropriated by Canaan and Journey. With respect to the IRS, Plaintiff seeks a refund of all taxes paid from 1992 to 2025. Finally, with respect to HUD, Plaintiff seeks one million dollars in damages for negligence and discrimination after she was unsuccessful in appealing the cancellation of her Section 8 housing status in 2022. Plaintiff contends that her traffickers prevented her from submitting the appropriate documents. She also asks for reinstatement of her status with HUD. (*Id.* at 12.)

Magistrate Judge Mitchell determined that Plaintiff's claims against Defendants should be dismissed for failure to state a claim as Plaintiff fails to identify the basis of her claims against Defendants and fails to allege facts that sufficiently state a claim. Further, with respect to Defendant Akhan, Magistrate Judge Mitchell held that the court lacked subject matter jurisdiction over those claims under the *Rooker Feldman* doctrine as Plaintiff seeks to reverse state court rulings in previous child support proceedings. With respect to the IRS and HUD, Plaintiff's claims are also subject to dismissal as the United States has not waived its sovereign immunity as to these claims.

Plaintiff filed an objection to Magistrate Judge Mitchell's R&R. While Plaintiff's objection is difficult to decipher, the court will attempt to decipher and address all of the arguments herein. Plaintiff also attached several hundred pages of exhibits to her objection. (Doc. 28.) Plaintiff, however, did not reference any of these exhibits in her objection other than to ask the court to review them. The court declines to do so as the court is not obligated to make arguments

or construct legal theories on Plaintiff's behalf. Further, the court is unable to ascertain the purpose of many of the exhibits and they are unauthenticated.[1]

## II. Standard

R&R Standard of Review. On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Rule 12(b)(6) Motion to Dismiss. To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

---

[1] One such exhibit appears to be an amicus brief prepared by Plaintiff for a criminal case in this court. (Doc. 28-1 at 1.) It is not clear if the brief was allowed to be filed in that criminal case. The brief incredulously asserts that Plaintiff was unlawfully detained, beaten, raped, and prevented from leaving the state by Kansas City, Kansas law enforcement officers and United States Marshals in April 2025. (*Id.* at 5.) Other exhibits appear to be research papers on religion, slavery, and the Hoodoo people. (Doc. 28-2, 28-3, 28-4, 28-5.)

Pro Se Party. Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *Yang v. Archuleta,* 525 F.3d 925, 927 n.1 (10th Cir. 2008) However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf. *Id.*

### III. Analysis

At the outset, Plaintiff objects to the court's characterization of her complaint as not making sense. She claims that this characterization is because judicial officers lack competency training to "identify victims of sex and human trafficking and render justice" on their behalf. (Doc. 28 at 5.) This objection is confusing, to say the least. Plaintiff cites to criminal statutes and 34 U.S.C. § 20711, a statue establishing a strategy to combat human trafficking. Nothing in these statutes, however, provides a basis for the court to determine that Plaintiff has sufficiently stated a claim against Defendants. Plaintiff asserts that this court should review all of the authorities listed in her table in conjunction with § 20711 to clarify her allegations. (Doc. 28 at 6.) Plaintiff's objection essentially asks this court to make legal arguments on her behalf. The court declines to do so.[2]

Turning to Defendants, Plaintiff objects to the determination that she has failed to state a claim against Defendant Akhan and asserts that she can prove that he agreed to marry Plaintiff while she was underage and that he is the biological father of her children. She further requests that Defendant Akhan participate in a paternity test and pay child support for the surviving children. According to Plaintiff, one child was murdered "by decapitation by the white Jewish mafia" in 2019. (*Id.* at 8.) Plaintiff then argues that Defendant Akhan defamed her by calling her a "mentally ill stalker" and that she can establish that she is not mentally ill. (*Id.*) Plaintiff then

---

[2] Plaintiff also discusses Tina Frundt, a victim of sex trafficking, in her objection. (Doc. 28 at 6–7.) This discussion does not raise a specific objection to the R&R; rather, it appears to be a discussion of how Ms. Frundt has been helping victims and that she may be able to help Plaintiff. Therefore, the court declines to address the statements regarding Ms. Frundt.

asserts that the D.C. Superior Court's findings that she was incompetent was erroneous due to several legal errors and that she has never been declared mentally ill. (*Id.* at 9–10.) Although Plaintiff's objection addresses the insufficiencies of her defamation claim, Plaintiff fails to lodge an objection to Magistrate Judge Mitchell's finding that Plaintiff's claims are barred under the *Rooker Feldman* Doctrine.

That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted). "The essential point is that barred claims are those complaining of injuries caused by state-court judgments. In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (internal citations and quotations omitted).

Here, Plaintiff is claiming injury from statements made during state court proceedings and state court rulings in the child support actions filed by her in numerous jurisdictions. Plaintiff asks for damages of back child support and seeks a ruling that Defendant Akhan is the father of her child. The requested relief effectively asks the court to review and reject state court judgments. Under *Rooker-Feldman*, this court has no jurisdiction to grant such relief. *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003) (finding that the court had no jurisdiction to review proceedings involving the plaintiff's divorce and child support obligations); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019). Therefore, this court lacks subject matter jurisdiction over her claim again Defendant Akhan.

Further, it is clear from the allegations that this court would not have personal jurisdiction over Defendant Akhan and that venue in this district is improper. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (court can consider these defenses sua sponte when it is clear from pleadings that Plaintiff cannot allege facts to support personal jurisdiction or venue). The only alleged connection with Kansas is that Plaintiff is a citizen of Kansas.[3] The alleged defamatory statement occurred during the years of litigation in Washington, D.C. Defendant Akhan is a citizen of the District of Columbia and there are no allegations that he made defamatory statements in Kansas. Therefore, from the face of the complaint, Defendant Akhan is not subject to personal jurisdiction in Kansas for an alleged defamatory statement he made in court proceedings in Washington, D.C.[4]

Next, Plaintiff objects to Magistrate Judge Mitchell's findings that her complaint fails to allege a claim against Canaan and Journey. In her complaint, Plaintiff sought refunds from forced donations and restitution for the use of intellectual property. Plaintiff's allegations, however, were entirely conclusory and failed to identify the basis of her claim. In her objection, Plaintiff asserts that both churches are guilty of violating 17 C.F.R. § 240.15c1-2, 18 U.S.C. § 641, 18 U.S.C. § 1584, 18 U.S.C. § 1589, 18 U.S.C. § 1593A, and 18 U.S.C. § 1341. (Doc. 28 at 10, 11.) "[T]hese are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding no

---

[3] While Plaintiff provided a Kansas address in support of her citizenship claim, Plaintiff's address for mailing purposes has always been in Washington, D.C., even after she was released from the D.C. hospital. It appears that Plaintiff claims continued Kansas citizenship because she was involuntarily committed to a hospital in D.C. (Doc. 1 at 1.) Further, it appears that the Kansas address provided by Plaintiff is the Johnson County Mental Health Center, which is located at 6440 Nieman Road in Shawnee, Kansas. (*See id.*)

[4] The court further notes that Plaintiff's allegations in her complaint are that she was found to be mentally incompetent and that she agreed to the entry of a stalking order. Such allegations suggest that the statement that she is a mentally ill stalker is a true statement and not false. Plaintiff's objection, however, makes contradictory statements, including that she was not found mentally ill by the court. (Doc. 28 at 10.) Therefore, in light of this and the determination that Plaintiff's claim fails on other grounds, the court declines to address the sufficiency of the claim.

cause of action where plaintiff purported to bring claims under §§ 241 and 371).[5] Plaintiff contends that she has standing to bring this action under the Victims' Rights and Restitution Act and the Mandatory Victims Restitution Act. Plaintiff is incorrect. *See id.* There is no private right of action to enforce criminal statutes. Therefore, Plaintiff's claims against Canaan and Journey are subject to dismissal.

Plaintiff also brings a claim against the IRS for a refund of her taxes. Magistrate Judge Mitchell held that Plaintiff failed to sufficiently allege that she was due a refund and that the claim was subject to dismissal on the basis of sovereign immunity. (Doc. 25 at 9.) The United States is "immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). With respect to an action seeking a tax refund, the United States has conditionally waived its immunity only where the taxpayer first seeks administrative remedies from the IRS. *Rosson v. United States*, 127 F. App'x 398, 400 (10th Cir. 2005). "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). Here, Plaintiff has not alleged that she sought administrative relief prior to filing suit. Therefore, her claim is subject to dismissal for lack of subject matter jurisdiction.

In her objection, Plaintiff contends that she did seek a refund from the IRS but Plaintiff fails to provide any facts regarding her administrative claim which would be sufficient for the court to allow an amendment. Notably, Plaintiff's objection also states that she "has never been a source of income from which taxes can be derived." (Doc. 28 at 12.) She then goes on to say that she has never earned income. Therefore, if Plaintiff has never earned income, then she would not be

---

[5] The regulatory provision cited by Plaintiff is a regulation which merely defines terms used in the Securities Exchange Act. *See* 17 C.F.R. § 240.15c1-2. There is no right to bring a private action to enforce this regulation.

entitled to a refund as she would not have had taxes deducted. To the extent that Plaintiff's claim asks the IRS to investigate individuals who subjected Plaintiff to forced labor, it fails. While Plaintiff is free to report crimes to the appropriate officials so that they may investigate such crimes, she may not bring a civil claim against the IRS except under the limited circumstances set forth herein.

Finally, Plaintiff alleges that HUD has refused to process the appeal of the cancellation of her Section 8 housing voucher. (Doc. 1-2 at 12.) Plaintiff seeks one million dollars in damages. Plaintiff failed to identify the statutory basis for her claim. Magistrate Judge Mitchell held that her allegations failed to state a claim and that the claim was barred by the United States's sovereign immunity. Plaintiff objects and asserts that her claim is based on actions taken by HUD in violation of 42 U.S.C. § 3617 in February 2022. According to Plaintiff, her status was cancelled due to members of the white Jewish mafia who prevented Plaintiff from submitting documents to HUD. (Doc. 28 at 13.)

Plaintiff's claim against HUD fails because the United States has not waived its immunity for claims under § 3617, the Fair Housing Act. *See Kelly v. Wilson*, 426 F. App'x 629, 632 (10th Cir. 2011). Further, Plaintiff's allegations are that her status was revoked due to actions of a third party which prevented her from submitting documents necessary to establish her identity with HUD. Plaintiff has failed to allege any facts which would support a finding that HUD violated the Fair Housing Act. Therefore, Plaintiff has also failed to state a claim against HUD.

Finally, Plaintiff's objection lists three pages of authorities. (Doc. 28 at 1–3.) The purpose of this table of authorities is unclear as her arguments do not include citations to all of the authorities. The court declines to review the authorities that were not specifically addressed in Plaintiff's objection as it is not this court's responsibility to create arguments on Plaintiff's behalf.

Plaintiff further asserts that her complaint is deficient because she lacked the ability to conduct legal research and obtain unlimited writing materials. While the court is sympathetic to Plaintiff's prior hospitalization, the court's role is to determine the sufficiency of a complaint as filed. Plaintiff also objects to the R&R on the basis that Magistrate Judge Mitchell did not provide an opportunity for Plaintiff to amend. Plaintiff, however, has not identified how she could overcome the deficiencies identified in the R&R and herein nor has Plaintiff provided the court with a proposed amended complaint as required by the local rule. *See* D. Kan. R. 15.1.

### IV. Conclusion

Plaintiff's objection (Doc. 28) to the R&R is OVERRULED and the R&R is ADOPTED. Plaintiff's complaint is DISMISSED for the reasons set forth herein.

IT IS SO ORDERED. Dated this 16th day of January 2026.

> \_\_\_\_s/ John Broomes_____
> JOHN W. BROOMES
> CHIEF UNITED STATES DISTRICT JUDGE