**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **AKOSUA AAEBO AKHAN,** | |
| Plaintiff, | **2022 CA 004697 B** |
| v. | |
| **KWESI AKHAN** | **Judge Yvonne Williams** |
| Defendant. | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Before the Court is *pro se* Defendant's, Kwesi Akhan, Motion for Summary Judgment ("Motion"), filed August 14, 2023, and refiled September 22, 2023. For the reasons set forth below, the Motion is **GRANTED**. The refiled version is **DENIED AS MOOT**. In addition, *pro se* Plaintiff's, Akosua Aaebo Akhan, Amended Complaints, filed July 20, July 26, July 29, July 30, September 12, and twice on September 25, 2023, are **STRICKEN** for failure to seek leave to file.

### I. BACKGROUND

On October 13, 2022, Plaintiff filed the instant Complaint for defamation. Plaintiff seeks an order requiring Defendant to remove allegedly defamatory statements, an injunction prohibiting Defendant from making further defamatory statements, a formal apology, and $100,000. The following facts are undisputed unless otherwise noted.

Plaintiff alleges that she was born in 1979, fraudulently declared dead, stolen from her parents, and forced into four decades of "sexual servitude and forced labor." Complaint 1-2. Plaintiff has three children. Complaint 3. On or about October 2016, Plaintiff was living in Kansas. While conducting "religious research," Plaintiff came across "Odwirafo.com," a website operated by Defendant which shares religious beliefs. Defendant is a known cultural and religious leader in

1

the Obaatansem religion. He has published several books and online training courses. Complaint 10.

On August 28, 2018, Plaintiff emailed Defendant. This was the Parties' first time communicating. She opened by stating that she was "expressing [her]self romantically" to him. Defendant's Motion for Summary Judgment, Exhibit ("D.Ex.") 2. She explained that she had religious visions which revealed Defendant to be her "soul mate," and romantic "complement." *Id*. She concluded by stating "I love you, I need you, I pray for you every day… I would be lying if I said it didn't feel like we were already married." *Id*. Defendant responded that Plaintiff had "misread the [] message" and that they were not "Divine compelement[s]." *Id*. at 2. Plaintiff responded amicably and the communication ended. *See id*. at 2-3.

On or about September 24, 2018, Plaintiff travelled from Kansas to Washington, DC with her three children and arrived unannounced at Defendant's home. *See* Motion 2. Defendant avers that he did not give Plaintiff his address. *Id*. Defendant denied Plaintiff admittance to his home and immediately blocked Plaintiff's phone number, email address, and social media accounts. *Id*.

On August 13, 2020, Plaintiff emailed Defendant with a new email address to inform him that she managed "billions" of dollars' worth of land which she calls a "Black township." Motion 20. Plaintiff offered Defendant an opportunity to take a leadership position in the Black township. *Id*. Defendant immediately responded,

> Do not use my name for any reason under any circumstances. As I stated before, do not contact me by any means for any reason at any time now or in the future - ever. As of the sending of this email your email address will be blocked, just as your phone number and all social media accounts have been blocked already.

*Id*.

On February 14, 2021, Plaintiff, using another new email address, sent Defendant "a message of loving connection." She told Defendant that his rejection of her was "destroying my children's belief in Nanasom. Please kill me instead." Motion 21. She again invited Defendant to take a leadership role in the Black township. *Id*. Defendant did not respond. *Id*.

On January 1, 2022, Defendant made a post to Facebook, a social media site, with the title: SCAM ALERT. Motion 13-15. Defendant alleged that the Black township (also referred to as the "Quindaro Township") "is a scam propagated by an individual now calling herself Sakomufo, Akosua Aaebo Akhan." *Id*. at 14. He stated that Plaintiff is that same person who had been "exposed" in the prior year for "plagiarizing our work and attempting to gain followers and generate revenue through fraudulently associating herself with our organization and my name in particular." *Id*. He further explained that Plaintiff "subsequently began creating online classes, events, initiatives and crowdfunding efforts attempting to solicit funds for her fraud." *Id*. A commenter on the post stated that Plaintiff had listed Defendant as a "'township trustee' and a 'chieftain' of the 'choctaw nation of north america.'" *Id*. at 17.

On or about January 27, 2022, Defendant obtained an Anti-Stalking Order ("ASO") against Plaintiff in D.C. Superior Court. *See In the Matter of Askosua Tanisha Aaebo*, 2021 ASO 000504.

On August 29, 2022, Plaintiff published a post to Facebook advertising a 13-week Obaatansem training course and promoting a book. Motion 25. On September 5, 2022, Defendant published a post on Facebook stating that Plaintiff was plagiarizing his community's religious work and attempting to scam community members into purchasing texts by using Defendant's last name, Akhan. Motion 24. Defendant stated that Plaintiff is "mentally ill" and a "scammer." *Id*.

On October 13, 2022, Plaintiff filed the instant Complaint. On October 31, 2022, Plaintiff was charged in D.C. Superior Court with one Count of violating the ASO because she has

3

continued contacting Defendant. *United States v. Akosua Tanisha Aaebo*, 2022 CCC 000037. On November 15, 2022, a second charge was filed alleging a second violation. On November 28, 2022, Defendant was arraigned.

On March 8, 2023, Plaintiff published to Facebook that she had been diagnosed with "heightened anxiety" but averring that she did not suffer from schizophrenia, bipolar disorder, hallucinations, or delusions. Motion 5.

On May 9, 2023, Plaintiff filed an offensive Motion for Summary Judgment which the Court denied because Plaintiff had not yet served Defendant. Plaintiff also made several motions to change her birth records, make collateral attacks on criminal proceedings, and request prenatal records for her son who she believes to be an imposter. Each motion was denied as frivolous. On June 20, 2023, Defendant was found guilty on one Count of Contempt of CPO/TPO and sentenced to Supervised Probation for one year. *United States v. Akosua Tanisha Aaebo*, 2022 CCC 000037 (D.C. Sup. Ct. June 20, 2023).

On June 23, 2023, Plaintiff filed a Motion for Leave to Amend the Complaint ("Motion to Amend"). On July 10, 2023, the Court denied the Motion to Amend without prejudice because Plaintiff did not simultaneously file a proposed amended complaint. The Court could not evaluate the merits of any proposed amendment without seeing an amended complaint. Plaintiff has since filed Amended Complaints on July 20, July 26, July 29, July 30, September 12, and twice on September 25, 2023, without seeking leave. Each Amended Complaint is substantially similar. Plaintiff seeks to add ten defendants, including the State of Kansas, the United States, the U.S. Internal Revenue Service ("IRS"), the U.S. Department of Housing and Urban Development ("HUD"), Esther Jean Ross, who is the woman Plaintiff claims falsified Plaintiff's death and enslaved her, and several other individuals whose roles are unclear. Plaintiff seeks remedies for a

multitude of torts and reparations for historical wrongs committed by the United States against black and indigenous peoples going back hundreds of years. Plaintiff cites to statutes and common law doctrine and alleges that the new defendants are guilty or liable for criminal and civil offenses including slavery, human trafficking, and wrongful death against her and thousands if not millions of others.

On August 9, 2023, Defendant was again found guilty of violating the ASO against Defendant and sentenced to 10 days in jail and one year of Supervised Probation. On August 14, 2023, Defendant filed the instant Motion. Defendant represents that there are no material factual disputes and that, as a matter of law, Plaintiff has failed to establish that he is liable for defamation. Defendant concedes that he called Plaintiff a mentally ill stalker and scammer but argues that his statements were accurate. He notes that Plaintiff has publicly admitted to being mentally ill, has twice been found guilty of criminally stalking him, and has engaged in a pattern of unstable behavior. Plaintiff filed oppositions on August 24, 25, and 27, 2023.[1] On August 28, 2023, Defendant filed a Reply.

After Plaintiff filed a flurry of amended complaints, Defendant filed an Amended Motion for Summary Judgment on September 22, 2023. Defendant states that nothing in the amended complaints of August and September 2023 alters his Motion for Summary Judgment and that he wishes for the Motion to be adjudicated on the merits.

## II. LEGAL STANDARD

Rule 56(a) provides in relevant part, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] Plaintiff did not seek leave to file the latter two oppositions as required in the Rules of Civil Procedure or the General Order. However, to ensure a complete record, the Court will not exercise its discretion to strike the improper oppositions.

judgment as a matter of law." Super. Ct. Civ. R. 56(a).  Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the [Superior Court rules] as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Mixon v. Wash. Metro. Area Transit Auth.*, 959 A.2d 55, 58 (D.C. 2008) (quotations and citations omitted).  "Summary judgment may have once been considered an extreme remedy, but that is no longer the case," and indeed District of Columbia courts have "recognized that summary judgment is vital." *Doe v. Safeway, Inc.*, 88 A.3d 131, 133 (D.C. 2014) (citations omitted).

To succeed on a motion for summary judgment, the moving party has the burden to establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Osbourne v. Capital City Mortgage Corp.*, 667 A.2d 1321, 1324 (D.C. 1995).  "At this initial stage, the movant must inform the trial court of the basis for the motion and identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Paul v. Howard Univ.*, 754 A.2d 297, 305 (D.C. 2000) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The facts supporting a motion for summary judgment must be in a form that would be admissible at trial. D.C. Super. Ct. Civ. R. 56(c)(2).

If the moving party carries this burden, the burden shifts to the non-moving party to show the existence of an issue of material fact. *Smith v. Swick & Shapiro, P.C.*, 75 A.3d 898, 901 (D.C. 2013).  "A genuine issue of material fact exists if the record contains some significant probative evidence … so that a reasonable fact-finder would return a verdict for the non-moving party." *Brown v. 1301 K Street Ltd. P'ship*, 31 A.3d 902, 908 (D.C. 2011) (quotation and citation omitted). "[T]he mere existence of a scintilla of evidence in support of the [defendant]'s position will be insufficient to defeat a motion for summary judgment." *Smith*, 75 A.3d at 902 (quotation and

citation omitted). In addition, a party "cannot stave off the entry of summary judgment through [m]ere conclusory allegations." *Id*. (quotation and citation omitted). Likewise, the non-moving party's "mere speculations are insufficient to create a genuine issue of fact and thus withstand summary judgment." *Hunt v. District of Columbia*, 66 A.3d 987, 990 (D.C. 2013) (quotation and citation omitted). Rather, the "party opposing summary judgment must set forth by affidavit or in similar sworn fashion specific facts showing that there is a genuine issue for trial." *Wallace v. Eckert, Seamans, Cherin & Mellott, LLC*, 57 A.3d 943, 950-51 (D.C. 2012) (quotation and citation omitted). Rule 56(c) establishes the requirements for raising a genuine factual dispute in a form that would be admissible in evidence at trial.

Viewing the non-moving party's evidence in the light most favorable to it, the Court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Hunt*, 66 A.3d at 990 (quotation and citation omitted). The Court may grant summary judgment only if no reasonable juror could find for the non-moving party as a matter of law. *Biratu v. BT Vermont Ave., LLC*, 962 A.2d 261, 263 (D.C. 2008). The Court cannot "resolve issues of fact or weigh evidence at the summary judgment stage." *Barrett v. Covington & Burling, LLP*, 979 A.2d 1239, 1244 (D.C. 2009). The Court also cannot make credibility determinations favoring any witnesses' testimony or discrediting internal inconsistencies in a single witness's testimony. *Fry v. Diamond Constr.*, 659 A.2d 241, 245-46 (D.C. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III. DISCUSSION

#### a. Amended Complaints

Leave to amend shall be given with leave of the Court. Super. Ct. Civ. R. 15(a)(3). The Court should grant leave to amend when justice so requires. *See Farmer-Celey v. State Farm Ins. Co.*, 163 A.3d 761, 766 (D.C. 2017). Factors that the Court may consider in deciding whether "justice so requires" include: "(1) the number of requests to amend; (2) the length of time that the case has been pending; (3) the presence of bad faith or dilatory reasons for the request; (4) the merit of the proffered amended pleading; and (5) any prejudice to the non-moving party." *Crowley v. N. Am. Telecomms Ass'n*, 691 A.2d 1169, 1174 (D.C. 1997) (citation omitted) (citing *Johnson v. Fairfax Village Condominium IV*, 641 A.2d 495, 501 (D.C. 1994)). There is a "virtual presumption" that leave to amend should be granted absent reasons to deny it. *Pannell v. District of Columbia*, 829 A.2d 474, 477 (D.C. 2003). The Court is within its discretion to deny an amendment when the moving party unreasonably delays filing a motion and granting the motion would delay the proceedings. *Id.*

There is no good cause to permit any of Plaintiff's Amended Complaints to become the operative complaint. First, The Amended Complaints are frivolous. Plaintiff cannot obtain legal or equitable relief for a multitude of actions committed against other people in past decades or centuries. Second, even insofar as some of the allegations pertain to torts against Plaintiff, the Amended Complaints are so disorganized that it is impossible to discern who each Defendant is, what each Defendant may be liable for, when the alleged torts occurred, and whether any of the actions occurred in the District of Columbia. Third, even if the amended claims were meritorious, the Amended Complaints differ so greatly from Plaintiff's claim of defamation against Mr. Akhan that amendment would substantially delay the case and prejudice Mr. Akhan. Fourth and finally, Plaintiff failed to make a motion for leave to file any of the Amended Complaints. Plaintiff was on notice that she could not amend her Complaint without simultaneously filing both a motion to

amend and a proposed amended complaint. The Court cannot permit a plaintiff to file a new complaint every week without leave. Therefore, each of the Amended Complaints filed after July 10, 2023, are **STRICKEN** from the record.

### b. Defamation

Plaintiff's claim of defamation must fail because she has failed to prove that Defendant's statements were substantially false. "The elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Travelers Indem. Co. v. United Food & Commer. Workers Int'l Union*, 770 A.2d 978, 989 (D.C. 2001) (internal quotations and citations omitted). Defendant concedes that he published unprivileged statements alleging that Plaintiff was mentally ill, a stalker, and a scammer. The dispositive legal issue is whether Plaintiff can prove falsity. She cannot.

A plaintiff alleging defamation bears the burden to show that the alleged defamatory statements are false. *E.g., Moss v. Stockard*, 580 A.2d 1011, 1022 (D.C. 1990) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964)). A plaintiff must also show that a defendant lacked any reasonable belief that the statement was true. *Id.* at 1026. Defendant had a reasonable belief that Plaintiff was "mentally ill" and that she was a stalker. "Mental illness," "mental disorder," and "mental disease" are defined as:

> any of a broad range of medical conditions (such as major depression, schizophrenia, obsessive compulsive disorder, or panic disorder) that are marked primarily by sufficient disorganization of personality, mind, or emotions to impair normal psychological functioning and cause marked distress or disability and that are typically associated with a disruption in normal thinking, feeling, mood, behavior, interpersonal interactions, or daily functioning

WEBSTER'S DICTIONARY, "Mental Illness," https://www.merriam-webster.com/dictionary/mental%20illness (last visited Oct. 2, 2023). "Stalking" is defined as "to pursue obsessively and to the point of harassment." WEBSTER'S DICTIONARY, "Stalking" https://www.merriam-webster.com/dictionary/stalking (last visited Oct. 2, 2023). Having never met Defendant, Plaintiff decided that Defendant was her "divine complement" and stated that it felt like they were "already married." Defendant explicitly rejected Plaintiff's advances. Without advanced permission, Plaintiff somehow obtained Defendant's address and travelled from Kansas to Washington, DC with her three children to ask Defendant to live with him. He declined and attempted to prevent any further communication. Defendant obtained an anti-stalking order in D.C. Superior Court which Plaintiff has twice violated. Plaintiff has publicly admitted to having some anxiety disorder and her documented behavior towards Defendant is troubling to put it mildly. Any finder of fact must conclude that Defendant's allegations were reasonable.

Plaintiff has provided any facts demonstrating that her books or trainings are not scams or plagiarized works. A plaintiff "must introduce evidence creating a genuine issue of material fact for all elements of defamation." *Solers, Inc. v. Doe*, 977 A.2d 941, 953 (D.C. 2009). It is Plaintiff's burden to show that her written works are different from Defendant's such that works are not plagiarized. Plaintiff must also demonstrate that her workshops are somehow distinct from Defendant's. Plaintiff has not done so. The Court has no information about the Parties' works other than that they both relate to the Obaatansem religion/culture. Plaintiff further alleges that she learned about Obaatansem through research which led her to Defendant's work. Absent any evidence comparing the Parties' work or showing how Plaintiff's works are unique, Plaintiff cannot be found to have met her burden of proof.

Accordingly, it is this 2nd day of October, 2023, hereby,

**ORDERED** that July 20, July 26, July 29, July 30, September 12, and twice on September 25, 2023, are **STRICKEN**; and it is further

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED** that Judgment is **ENTERED** in favor of Defendant, Kwesi Akhan on all claims in Plaintiff's October 13, 2022, Complaint; and it is further

**ORDERED** that all case deadlines and events are **VACTAED**; and it is further

**ORDERED** that this case is **CLOSED**.

**IT IS SO ORDERED**.

_____
**Judge Yvonne Williams**

Date: October 2, 2023

Copies to:

Akosua Aaebo Akhan
611 N Street NW
Washington, DC 20001
*Plaintiff*

Kwesi Akhan
3425 5th St., SE
#43
Washington, DC 20032
*Defendant*

11