IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AKOSUA AAEBO-AKHAN,

        Plaintiff,

v.                                                                                            Case No. 25-2500-JWB

KWESI AKHAN, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration (Doc. 38) on this court's decision adopting Magistrate Judge Angel Mitchell's Report and Recommendation ("R&R") (Doc. 25) and dismissing this matter. (Doc. 31.) The court construes Plaintiff's motion as one brought pursuant to Rule 59. Plaintiff's motion is DENIED for the reasons set forth herein.

**I.    Facts and Procedural History[1]**

Plaintiff is proceeding pro se and in forma pauperis. Plaintiff filed this action against Defendants Kwesi Akhan, the Internal Revenue Service ("IRS"), Canaan Worship Center ("Canaan"), Journey Church International ("Journey"), and the United States Department of Housing and Urban Development ("HUD"). Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Magistrate Judge Mitchell recommended that the complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim. This court agreed.

Plaintiff's complaint was very difficult to decipher. For the most part, Plaintiff failed to plausibly allege facts and identify the basis for her claims against Defendants. She alleged that

---

[1] Plaintiff has attached more than 600 pages of exhibits. Plaintiff makes two references to the exhibits in her motion. First, she states "see attached exhibit" without referencing a page or exhibit number. (Doc. 38 at 17.) Second, she cites to all exhibits in support of her statement that the "court is feigning selective memory by alleging [she] has not submitted sufficient evidence in the case." (*Id.* at 23.) With the exception of a court order attached at Doc. 38-2, the court has not considered the exhibits.

this court had jurisdiction under both federal question and diversity. However, her claims of federal question jurisdiction were presented as questions suggesting this court had jurisdiction over various issues, including paternity and child support claims of sex and human trafficking victims. (Doc. 1-2 at 2.) Plaintiff alleged that she was a victim of sex trafficking and was trafficked at birth due to her Akan American genetic criteria. Her claims mostly involve allegations concerning sex trafficking and being victimized by some of the defendants.

With respect to Defendant Kwesi Akhan, Plaintiff asserted that he was the father of her children which were conceived when she was involuntarily impregnated with his sperm through in vitro fertilization. (*Id.* at 5–6.) Plaintiff filed paternity and child support actions against Defendant Akhan in Kansas, Missouri, Georgia, and the District of Columbia. (*Id.* at 6.) Her filings were rejected by those courts. According to Plaintiff, Defendant Akhan defamed her as a "mentally ill stalker" and maliciously prosecuted her resulting in her wrongful conviction, commitment to a mental health institution, poverty, and homelessness. (*Id.* at 8.) She sought $637,000 in child support for her children and asked the court to enter an award of "$637,000 in monetary restitution for defamation [and] malicious prosecution due to previous courts alleging [Plaintiff] was not legally entitled to child support for her children" and an additional $400,000 in punitive damages. (*Id.*) This court held that her claims were barred by the *Rooker Feldman* doctrine as her paternity claims and claims for child support have been rejected by other courts. Notably, Plaintiff cites several cases in other jurisdictions in her complaint and includes more than one and a half pages of cases that are related to this case. (Docs. 1, 38 at 2–3.) The undersigned further held that this court lacks personal jurisdiction over Defendant Akhan who is a citizen of the District of Columbia and, according to Plaintiff, the defamation and wrongful prosecution

occurred during the proceedings in the District of Columbia. Her claims were subject to dismissal without prejudice.

As to Defendants Canaan and Journey, Plaintiff requested a "full refund of all forced donations" that were derived from her "forced labor." (Doc. 1-2 at 10.) She also sought restitution for intellectual property that she created and was used by Canaan and Journey and other non-parties such as AT&T and Uber. (*Id.* at 11.) Essentially, she was claiming that they fraudulently solicited funds for alleged religious beliefs based on fictious characters. Magistrate Judge Mitchell held that Plaintiff's claim would require the court to evaluate the truth or falsity of the churches' beliefs and the court could not do so under the law. (Doc. 25 at 8–9.) Further, her complaint failed to plead facts that would support a claim of misappropriation against these Defendants. In her objection, Plaintiff argued that these Defendants violated several criminal statutes. The undersigned held that Plaintiff could not enforce criminal statutes and that her complaint otherwise failed to state a claim against these Defendants. (Doc. 31 at 7–8.)

With respect to the IRS, Plaintiff sought a refund of all taxes paid from 1992 to 2025 but failed to allege any plausible facts in support of her claim such as the amounts sought, income claimed each year and taxes paid, and whether she exhausted her administrative remedies. The court held that Plaintiff failed to sufficiently allege that she sought administrative relief prior to filing suit as required under 26 U.S.C. § 7422(a). In her objection, Plaintiff asserted that she did seek administrative relief. The court held that this conclusory assertion was not sufficient to permit amendment and dismissed her claim for failure to exhaust. Finally, the court found that her claim against HUD was barred by sovereign immunity and, alternatively, failed to state a claim.

This court entered judgment dismissing her claims. Plaintiff filed an appeal. After filing the appeal, Plaintiff sought reconsideration.

**II.     Standard**

Although Plaintiff's motion seeks reconsideration of this court's order dismissing the case, judgment has been entered.  Therefore, her motion is construed as one seeking to alter or amend judgment under Rule 59(e). *Price v. Philpot*, 420 F.3d 1158, 1167, n.9 (10th Cir. 2005) (discussing that motions to reconsider filed within ten days of judgment are construed as seeking relief under Rule 59(e)).  Rule 59(e) has a narrow scope. "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Lenexa 95 Partners, LLC v. Kin, Inc.*, No. 20-2367-JWB, 2023 WL 171925, at *1 (D. Kan.) (citation omitted), *appeal dismissed*, No. 23-3025, 2023 WL 5608807 (10th Cir. Apr. 27, 2023).  A Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted).  In other words, Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of the judgment." *Nelson v. City of Albuquerque,* 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Finally, because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *Yang v. Archuleta,* 525 F.3d 925, 927 n.1 (10th Cir. 2008)  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf. *Id.*

**III.    Analysis**

At the outset, the court finds that Plaintiff's motion can be denied on the basis that her arguments could have been raised in her objection. Therefore, the court need not address the issues raised therein. Alternatively, however, the court will briefly address some of the arguments raised.

Plaintiff's motion is very difficult to follow and raises extraordinary allegations. For example, Plaintiff contends that the undersigned has violated 18 U.S.C. § 1512 by tampering with a witness, Defendant Kwesi Akhan. Plaintiff fails to identify how the court has tampered with a witness. Plaintiff goes on to argue that Defendant is the father of her children and the "court's final order in this case wrongfully declares his participation in paternity DNA testing as mute, irrelevant, and unnecessary." (Doc. 38 at 7.) The court includes this argument as a demonstration of the nonsensical arguments included in the motion but otherwise declines to address them.[2] The court held that Plaintiff's defamation claims were barred by the *Rooker Feldman* doctrine. Plaintiff fails to sufficiently address this holding.[3] Plaintiff asserts that *Rooker Feldman* does not prevent the court's consideration of her claim because of her involuntary forced conception. (Doc. 38 at 15.) As discussed previously, Plaintiff has already sought paternity testing and child support in the state courts. Plaintiff's similar requested relief in this court is barred by *Rooker Feldman*. Moreover, Plaintiff has attached an October 2023 order from the Superior Court of the District of Columbia which granted summary judgment to Defendant Akhan on Plaintiff's claim of defamation filed in that court. (Doc. 38-2.) Notably, the claim in that case involved the same allegation that Defendant Akhan called her a mentally ill stalker. This order supports the court's

---

[2] The court will also not address Plaintiff's frivolous arguments as to other claims. In sum, Plaintiff's motion fails to provide a basis for relief. Plaintiff also continues to assert that the court has somehow prevented her from access to documents due to the requirement that she pay for additional views. The court has already addressed this issue in prior orders and will not revisit the issue. (Docs. 30, 40.)

[3] Plaintiff's brief asserts that *Rooker Feldman* should require this court to incorporate the findings of the other court's decision whereby they determined she had intellectual disabilities. (Doc. 38 at 4.) As a result, her case should not be dismissed because she cannot recall the claims she plead in her complaint. *Rooker Feldman* does not require the relief Plaintiff requests.

decision that Plaintiff's claim of defamation is barred by *Rooker Feldman*. Alternatively, it would be barred by res judicata. Further, Plaintiff does not address the issue of personal jurisdiction. Plaintiff has failed to show that she is entitled to relief as to her claim against Defendant Akhan. Plaintiff's attempt to add facts in her motion will not be considered by the court. Plaintiff could have raised these issues in her objection.

Plaintiff further asserts that the court must compel arbitration in this case. (Doc. 38 at 7.) There is no evidence that the parties have a binding arbitration agreement. Therefore, the court has not erred.

With respect to her claims against Canaan and Journey, Plaintiff again restates that they have violated several criminal statutes. Plaintiff cannot enforce criminal statutes. Plaintiff also asserts that she seeks damages against them for claims of emotional distress, negligence, commercial law claims, personal injury, and intellectual property breach. (Doc. 38 at 18–19.) None of these claims were presented in her complaint and she has failed to set forth plausible factual allegations regarding these claims. Notably, with respect to Canaan, Plaintiff contends that the events occurred between 1999 and 2006. As to Journey, the events occurred between 2011 and 2014. As such, these claims would be barred by the statute of limitations so the court declines to allow an amendment.

Turning to the IRS, Plaintiff also asserts claims of discrimination, emotional distress, negligence, and other equitable claims due to its failure to put an "end to the lifelong sex and human trafficking victimization of" Plaintiff and her children. (Doc. 38 at 20.) These claims were not raised in her complaint and they are barred by sovereign immunity.

Plaintiff also attempts to expand her claims against HUD. The court declines to address her arguments. Further, the court held that her claim of discrimination was barred by sovereign

6

immunity and also that she failed to state as claim. Plaintiff makes no colorable attempt to show error in this court's decision.

## IV.     Conclusion

Plaintiff's motion for reconsideration or to set aside the judgment (Doc. 38) is DENIED.

IT IS SO ORDERED. Dated this 6th day of February, 2026.

>     s/ John W. Broomes
> JOHN W. BROOMES
> CHIEF UNITED STATES DISTRICT JUDGE